## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN BROWN,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **LAWRENCE MAHALLY, *et al.*,** | : | |
| Respondents. | : | No.  14-5781 |

### O R D E R

**AND NOW**, this 22nd day of April, 2015, having considered the Petition for Writ of *Habeas Corpus* filed by Petitioner (Docket No. 1), Respondents' Opposition (Docket No. 9), Petitioner's Reply (Docket No. 10), U.S. Magistrate Judge Marilyn Heffley's Report & Recommendations (Docket No. 11), Mr. Brown's Objections thereto (Docket No. 13), and the state court record, it is hereby **ORDERED** that:

1.     The Report & Recommendations are **APPROVED** and **ADOPTED**.

2.     Mr. Brown's Objections are **OVERRULED**.[1]

3.     Mr. Brown's Petition is **DISMISSED** with prejudice.

4.     There is no probable cause to issue a certificate of appealability.[2]

---

[1]     Mr. Brown reasserts in his objections that he is actually innocent of the crimes of which he was convicted, and that therefore his *habeas corpus* petition should not be time-barred.  However, as Magistrate Judge Heffley observed, Mr. Brown presents no new evidence, let alone reliable new evidence, of actual innocence.  His argument that his deceased brother committed the crimes holds no weight here; even if that "evidence" was reliable or even logically consistent with other facts asserted by Mr. Brown, the "evidence" cannot be considered new – Mr. Brown admits that he presented these facts to his attorney prior to trial and, indeed, that he was himself a witness to the crimes he now attributes to his brother.  Therefore, for the reasons outlined by Magistrate Judge Heffley in her Report and Recommendations, Mr. Brown's petition must be denied as untimely.

[2]     A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).  There is no probable cause to issue a certificate in this action.

5.    The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.


BY THE COURT:


/s/ GENE E.K. PRATTER_
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE